[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 21-11134

Non-Argument Calendar

————————————————

DANIEL LEE POTTER,
JOLENE POTTER,

                                  Plaintiffs-Appellants,

versus

PROGRESSIVE AMERICAN INSURANCE COMPANY,

                                  Defendant-Appellee.

————————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:20-cv-02204-JSM-TGW

————————————————

Before WILSON, ROSENBAUM, and BRANCH, Circuit Judges.

PER CURIAM:

This appeal involves a Florida third-party bad faith insurance claim. The question is whether, under Florida law, a final judgment stemming from a consensual settlement can qualify as an "excess judgment"—a necessary element for a bad faith insurance action. The district court held that a final judgment enforcing a settlement is not an excess judgment or its functional equivalent as a matter of law. The Potters, the injured parties and third-party plaintiffs, appealed.

This Court recently decided a case involving a consent judgment in a bad faith insurance claim, concluding that a "final judgment that exceeds all available insurance coverage—regardless of whether it results from a consensual settlement or a jury verdict—constitutes an 'excess judgment' that can satisfy the causation element of an insurer-bad-faith claim under Florida law." *McNamara v. Gov't Emps. Ins. Co.*, 30 F.4th 1055, 1057, 1063 (11th Cir. 2022). Because the insurance action here involved a settlement followed by a final judgment that could legally qualify as an excess judgment, the district court erred in dismissing the case. After careful review, we reverse and remand for further proceedings.

## I.    Background

This is a third-party bad faith insurance action brought by Plaintiffs Daniel Lee Potter and Jolene Potter against Defendant

Progressive American Insurance Company. The Potters allege that Progressive acted in bad faith in its handling of a bodily injury claim that the Potters asserted against Progressive's insured, Ronald Dale Evans, arising from an automobile accident that occurred on November 10, 2016. At the time of the accident, Evans was insured under a Progressive policy that provided bodily injury liability coverage for up to $10,000 per person. The Potters sued Evans, and served proposals for settlement to Evans pursuant to Fla. Stat. § 768.79, offering to settle the claims in exchange for Evans stipulating to a dismissal and agreeing to pay the Potters $125,000 total. Evans's attorney who was hired by Progressive recommended that he take the settlement and told Evans that doing so would not waive any claims against Progressive for negligence or bad faith. Evans accepted and the Potters filed an action for bad faith against Progressive in state court that Progressive removed to federal court.

In granting summary judgment in Progressive's favor, the district court relied heavily on the district court's decision in *McNamara v. Gov't Emps. Ins. Co.*, No. 8:17-CV-3060-T-23CPT, 2020 WL 5223634, at *3–4 (M.D. Fla. July 29, 2020), *rev'd and remanded*, 30 F.4th 1055 (11th Cir. 2022), which relied heavily on our unpublished decision in *Cawthorn v. Auto-Owners Ins. Co.*, 791 F. App'x 60 (11th Cir. 2019). In *Cawthorn*, we held that a consent judgment is not an excess judgment for third-party bad faith claims. 791 F. App'x at 65. Because an excess judgment is required before a bad faith claim can proceed, following *Cawthorn*,

the district court found that there was no excess judgment as a matter of law.  The Potters appealed.

## II.    Standard of Review

We review a district court's grant of summary judgment *de novo*, "view[ing] the evidence in the light most favorable to the non-moving party." *Gogel v. Kia Motors Mfg. of Ga., Inc.*, 967 F.3d 1121, 1134 (11th Cir. 2020) (en banc) (quotations omitted). Summary judgment is proper if the materials in the record indicate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## III.    Discussion

The Potters argue on appeal that *Cawthorn*'s holding that a consent judgment is not an excess judgment is inconsistent with Florida law on bad faith insurance claims.  Under Florida law, a plaintiff who brings a bad faith claim against an insurer for failing to settle a lawsuit must prove that the insurer's conduct caused the loss. *McNamara*, 30 F.4th at 1059.  One way to do so is by showing an excess judgment—*i.e.*, a judgment against the insured that exceeds his insurance coverage.  *Id.* The Potters argue the final judgment in this case qualifies as an excess judgment and their case should have been able to proceed.

Our recent decision in *McNamara v. Government Employees Insurance Co.* resolves this appeal. In that case, we addressed whether consent judgments in excess of policy limits constitute excess judgments that could satisfy the causation requirements for bad faith claims under Florida law. *Id.* at 1057. In a published decision, we held that *Cawthorn* misinterpreted Florida law and that a consent judgment can qualify as an excess judgment. *Id.* We looked to *Perera v. U.S. Fidelity & Guaranty Co.*, 35 So. 3d 893 (Fla. 2010), and *Fridman v. Safeco Insurance Co. of Illinois*, 185 So. 3d 1214 (Fla. 2016), in which the Florida courts noted that third-party bad faith claims should not be limited to judgments acquired after trial. *Id.* at 1059–1060. We held that "[a] final judgment that exceeds all available insurance coverage—regardless of whether it results from a consensual settlement or a jury verdict—constitutes an 'excess judgment' that can satisfy the causation element of an insurer-bad-faith claim under Florida law." *Id.* at 1063.

Here, the Potters accepted a proposal for settlement and the judge entered a final judgment in the underlying action that exceeded the policy limits. This final judgment qualified as an excess judgment and the district court erred by granting summary judgment for Progressive on this issue. We reverse and remand for further proceedings.

**REVERSED and REMANDED.**